## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Jane Doe, as guardian of John Doe, an incapacitated person, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 25-cv-01011-J |
| State of Oklahoma, ex rel., Oklahoma Department of Human Services, an agency of the State of Oklahoma; Oklahoma State Department of Health, an agency of the State of Oklahoma; Deborah Shropshire, in her individual capacity; Luke Cooper, in his individual capacity; Kelly Thompson, in her individual capacity; Angela Thompson, in her individual capacity; Nancy Unruh, in her individual capacity; Ray Hester, in his individual capacity; Shelly Robinson, in her individual capacity; and Keith Reed, in his individual capacity; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR REMAND

COMES NOW, Plaintiff, Jane Doe, as guardian of John Doe, an incapacitated person ("Plaintiff"), pursuant to 28 U.S.C. §§ 1446(a), 1447(c), and moves to remand this action back to the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2025-4187. In support thereof, Plaintiff submits the following brief:

## STATEMENT OF THE CASE

This lawsuit revolves out of the continual and systematic physical, mental, emotional, and sexual abuse suffered by John Doe, an incapacitated person who was placed, by the State, in the Robert M. Greer Center ("Greer Center"). The Greer Center is

a full-time residential treatment center in Enid, Oklahoma, that houses adults with intellectual disabilities and behavioral and/or mental challenges. Throughout the duration of the abuse suffered by John Doe, reports were made to various state officials and agencies, including the Defendants in this action. Defendants, however, either failed to take any action, or took inadequate action, and failed to protect John Doe and/or remove him from the Greer Center.

As a result of the abuse suffered by John Doe and his resulting damages, suit has been brought against the Defendants in the present lawsuit, originally filed by the Plaintiff in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2025-4187. (*See* Petition, [Doc. 1-2], Exh. "1"). Additionally, a sister lawsuit was filed in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2024-4029, against Liberty of Oklahoma Corporation and Liberty Healthcare Corporation ("Liberty"), who operated the Greer Center, and several individuals who participated in the abuse. (*See* Liberty Petition, Exh. "2").

After filing the present action in the District Court of Oklahoma County, Defendants Oklahoma State Department of Health ("OSDH") and Keith Reed ("Reed") filed a Notice of Removal. In this case, Defendants have asserted, both in their Notice of Removal [Doc. 1], and their Motions to Dismiss [Docs. 6, 7, 9, 11 and 12], their entitlement to sovereign immunity under the Eleventh Amendment. In asserting their Eleventh Amendment immunity, they have inevitably called into question the Court's jurisdictional authority to hear Plaintiff's claims. Since Plaintiff has asserted actions against state agencies for violation of 42 U.S.C. § 1983, and various state statutes, including the Oklahoma Nursing

Home Care Act, 63 O.S. §§ 1-1901 *et seq*., and the Oklahoma Protective Services for Vulnerable Adults Act, 43A O.S. §§ 10-101 *et seq*., this Court lacks subject matter jurisdiction over Plaintiff's action, and the suit must be remanded back to the Oklahoma County District Court. Additionally, principles of comity and judicial economy justify remand. For these reasons, Plaintiff's motion should be sustained.

## ARGUMENT AND AUTHORITY

### STANDARD OF REVIEW

Where a notice of removal has been timely filed, an opposing party may move to remand the action back to the state court within 30 days after the filing of the notice of removal. See 28 U.S.C. §§ 1446(a), 1447(c). However, a motion to remand for a lack of subject matter jurisdiction may be made at any time before final judgment. *Id*. An order of the district court remanding a case to the State court from which it was removed for lack of subject matter jurisdiction is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d).

A federal court's removal jurisdiction is statutory in nature and is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941). Any doubts are to be resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir.1982); *Radio Shack Franchise Dept. v. Williams,* 804 F.Supp. 151, 153 (D.Kan.1992). The need for strictly limiting the removal jurisdiction of the federal courts arises out of respect for the sovereignty of state governments and protection of state judicial power. *Shamrock,* 313 U.S. at 108–09. If a case was removed "improvidently and without jurisdiction," the case must be remanded. *Flores v. Long,* 926 F. Supp. 166, 168 (D.N.M. 1995) ("*Flores I*") (*citing* 28 U.S.C. § 1447(c)).

## PROPOSITION I

**PLAINTIFF'S SUIT MUST BE REMANDED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION DUE TO DEFENDANTS' INVOCATION OF THE ELEVENTH AMENDMENT.**

      a.      The Court's Subject Matter Jurisdiction

Here, the Court lacks subject matter jurisdiction to adjudicate this lawsuit, since Defendants have asserted a defense of sovereign immunity under the Eleventh Amendment. The Eleventh Amendment bars a suit for damages against a state, state agency, or department in federal court unless the state or Congress unequivocally waives the state's sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–103 (1984); *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974). In other words, in the absence of waiver or consent, the state or one of its agencies or departments may not be named as a defendant in a suit in federal court, and this jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100. This same restriction does not bar suits against the state in state court.

This means that federal courts lack subject matter jurisdiction to adjudicate actions brought under 42 U.S.C. § 1983 where claims have been asserted against state officials acting in their official capacities, or against the state agency itself. See *Flores v. Long,* 926 F. Supp. 166, 167 (D.N.M. 1995) ("*Flores I*") (the court, *sua sponte*, found that it lacked subject matter jurisdiction over plaintiff's § 1983 claims against the defendants due to Eleventh Amendment immunity); *see also Kentucky v. Graham,* 473 U.S. 159, 169–70, 105 S.Ct. 3099, 3107–08, 87 L.Ed.2d 114 (1985) (explaining that a suit against a state official in his or her official capacity is essentially a suit for damages against the state itself

and is, therefore, barred by the Eleventh Amendment); *Pennhurst State Sch.,* 465 U.S. at 101 (explaining "the Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'").

In addition to actions falling under 42 U.S.C. § 1983, allegations that a state or a state agency or department violated a state statute fall under the Eleventh Amendment, and may not be heard in federal court. See *Pennhurst State Sch.,* 465 U.S. at 101

For this reason, where a claim or cause of action implicates a state's Eleventh Amendment immunity, then the federal district court lacks subject matter jurisdiction to hear that claim and must remand it back to the state court. *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 392 (1998) (explaining "a State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim."). The federal court may then decide whether to proceed to hear the remaining claims unimplicated by the Eleventh Amendment, or remand the entirety of the suit. See *Id.*

To illustrate, in *Flores I*, the plaintiff brought suit under 42 U.S.C. § 1983 against various state officers, arguing that the officers violated his constitutional rights, as well as various state tort actions for excessive force, false arrest, and malicious prosecution. 926 F.Supp. at 167. The defendants then timely removed the action to federal court. *Id*. The district court ruled, *sua sponte*, that it lacked subject matter jurisdiction because the plaintiff's claims against the state agency were subject to Eleventh Amendment immunity, and the court ruled the action should be remanded to the state court from which it was removed. *Id*. Although the Eleventh Amendment did not bar the § 1983 claims against the

officials in their individual capacities, the court nonetheless declined to split the action and

remanded it in its entirety, explaining as follows:

> Section 1441(a) does not countenance the removal of bits and pieces of
> Plaintiff's case. The fact that a different result would occur had Plaintiff filed
> his case originally in federal court is irrelevant. Plaintiff chose a state forum
> to pursue his civil action. Defendants should not be permitted to split a
> plaintiff's case and force the plaintiff to litigate in multiple forums when the
> clear statutory language of Section 1441(a) evinces no such intent.
> *Shamrock.* To conclude otherwise ignores the right of a plaintiff to choose
> his or her forum, disregards basic principles of judicial economy, and runs
> directly counter to the Supreme Court's directions that the right of removal is
> to be strictly construed. *Shamrock,* 313 U.S. at 109, 61 S.Ct. at 872….If this
> Court remands only those claims barred by the Eleventh Amendment,
> Plaintiff will be forced to litigate essentially the same case in both state and
> federal court.

*Id*. at 169. On appeal, the Tenth Circuit Court of Appeals held that because the district

court's remand was based on a finding of a lack of subject matter jurisdiction, the appellate

court did not have authority to review the court's decision. *Flores v. Long,* 110 F.3d 730,

731 (10th Cir. 1997) ("*Flores II*"). Nonetheless, the court recognized, favorably, that the

decision to remand the entirety of the case, including the claims not implicated by the

Eleventh Amendment, was bolstered by "[p]olicy considerations preserving a plaintiff's

choice of forum by preventing defendants from splitting the case and prudential concerns

including res judicata, abstention, and use of judicial resources." *Flores II,* 110 F.3d at 733.

*Flores v. Long,* 110 F.3d 730, 731 (10th Cir. 1997) ("*Flores II*").

Similarly, in *Pennhurst State Sch.*, the plaintiffs sued defendants, state agency and

officials, asserting defendants violated their Eighth and Fourteenth Amendment rights, as

well as various federal and state laws, including the Pennsylvania Mental Health and

Mental Retardation Act of 1966. 465 U.S. at 92. The complaint asserted that the conditions

at a state residential facility were so dangerous that residents were often abused and drugged by staff members. *Id*. The Supreme Court noted that in the absence of consent to a suit in which the state or one of its agencies is named as the defendant, the federal court is prohibited from proceeding in federal court by the Eleventh Amendment. *Id*. at 104.

The court noted that the Eleventh Amendment was not implicated by the plaintiffs' § 1983 claims, since the suit was against the officials in their individual capacities, not against the agency itself; however, the Eleventh Amendment was implicated by the plaintiffs' claims that the agency violated Pennsylvania law and statute, particularly the Pennsylvania Mental Health and Mental Retardation Act of 1966. *Id*. at 92, 104. The Supreme Court thus concluded that the federal courts did not have jurisdiction to hear plaintiffs' claims that the state agency violated the state statute. *Id.* at 104-06. In reaching this conclusion, the court explained,

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.
> **\*\*\*\***
> The reasoning of our recent decisions on sovereign immunity thus leads to the conclusion that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when—as here—the relief sought and ordered has an impact directly on the State itself.

*Id*. at 106, 117.

In this case, Defendants have asserted, both in their Notice of Removal [Doc. 1], and their Motions to Dismiss [Docs. 6, 7, 9, 11 and 12], their entitlement to sovereign

immunity under the Eleventh Amendment. In asserting their Eleventh Amendment immunity, they have inevitably called into question the Court's jurisdictional authority to hear Plaintiff's claims.

In their Petition, filed in the District Court of Oklahoma County, State of Oklahoma, Plaintiffs brought suit against the State of Oklahoma, ex rel., Oklahoma Department of Human Services ("ODHS"), an agency of the State of Oklahoma, and the Oklahoma State Department of Health ("OSDH"), an agency of the State of Oklahoma, as well as several officials, employees of ODHS and OSDH, in their individual capacities. (*See* Exh. "1").

The Petition asserts a cause of action under 42 U.S.C. § 1983 for a violation of John Doe's Eighth and Fourteenth Amendment rights. ([Doc. 1-2] at pp. 23-27). Additionally, the Petition asserts that ODHS and OSDH violated the Oklahoma Nursing Home Care Act, 63 O.S. §§ 1-1901 *et seq*., the Oklahoma Protective Services for Vulnerable Adults Act, 43A O.S. §§ 10-101 *et seq*., and other Oklahoma laws and statutes. ([Doc. 1-2] at pp. 14-21). Each of these causes of action appear to implicate the Eleventh Amendment, as asserted by the Defendants in their Motions to Dismiss.

As explained in the above-cited cases, where a cause of action is brought against the state or a state agency in federal court, and the action implicates the Eleventh Amendment, then the federal district court lacks subject matter jurisdiction to hear the action and must remand it back to state court. See *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100; *Wisconsin Dep't of Corr.,* 524 U.S. at 392.

Similar to *Pennhurst State Sch.,* the Plaintiff here brought suit under 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments and has additionally

asserted actions against the state agencies for violations of various state statutes. The Eleventh Amendment prohibits federal courts from hearing any suits brought against the state or state agencies for violations of the state's statutes, since that would put the court in an untenable position of interpreting state law and ruling that the state violated its own statutes. As explained in *Pennhurst State Sch*., the Plaintiff's action must be remanded back to state court.

Additionally, even if all of the claims in Plaintiff's Petition are not implicated by the Eleventh Amendment, as explained in *Flores I,* the court should nonetheless remand the entirety of Plaintiff's action, since doing otherwise would result in a splitting of the lawsuit, requiring the parties to try two separate cases, one in federal court and one is state court. 926 F.Supp. at 169. As the court in *Flores I* explained, the plaintiff chose its forum in state court, and defendant should not be permitted to split a plaintiff's case and force the plaintiff to litigate in multiple forums. See *Id*. Further, principles of comity, expediency, and judicial economy, and concerns of res judicata support a conclusion that the action should not be split and instead should be remanded in its entirety. *Id*.; *see also Flores II,* 110 F.3d at 733. Here, just as in *Flores I*, these principles apply with equal force and necessitate the Plaintiff's suit being remanded in its entirety.

b.      Waiver

As mentioned above, in the absence of waiver or consent, the state or one of its agencies or departments may not be named as a defendant in a suit in federal court. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100. Thus, admittedly, the Eleventh Amendment does not automatically destroy original jurisdiction. *Wisconsin Dep't of Corr. v. Schacht,*

524 U.S. 381, 389, 118 S. Ct. 2047, 2052–53, 141 L. Ed. 2d 364 (1998) (internal citations omitted). Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. *Id*. As such, either the State can choose to waive the defense, or Congress can waive it in enacting the underlying legislation. *Id*.

As is relevant here, neither Congress nor the State of Oklahoma have statutorily waived the State of Oklahoma's Eleventh Amendment immunity under any of the relevant causes of actions asserted by Plaintiff. The Supreme Court has recognized that Congress did not abrogate the states' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 341(1979). Likewise, the State of Oklahoma has not abrogated or waived its Eleventh Amendment immunity. 51 O.S. § 152.1(B). Thus, the question arises whether the State of Oklahoma here has waived its immunity defense.

The Tenth Circuit has recognized that the voluntary removal of an action by the State from state court to federal court may waive its Eleventh Amendment defense. *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1234 (10th Cir. 1999) (citing *Gallagher v. Continental Ins. Co*., 502 F.2d 827, 830 (10th Cir. 1974)). The test for determining the existence of a waiver is "unequivocal intent" to waive immunity. *Id*. (internal citations omitted).

In this case, Defendants Oklahoma State Department of Health ("OSDH") and Keith Reed in his individual capacity removed the state action to federal court. ([Doc. 1], p. 1). The Notice of Removal, however, explicitly states that Defendants do not waive, and expressly reserve all defenses including, but not limited to, Eleventh Amendment sovereign

immunity. ([Doc. No. 1] at pp. 1-2). Additionally, although the Notice of Removal states that all Defendants consented, the Oklahoma Department of Human Services ("ODHS") did not file a Notice of Removal itself or join in the Notice of Removal. *Id.* Further, several Defendants raised Eleventh Amendment sovereign immunity defenses in their Motions to Dismiss.

For these reasons, there is insufficient evidence that the Defendants have shown an "unequivocal intent" to waive their sovereign immunity under the Eleventh Amendment. Since no clear evidence of waiver exists, this Court must find that it lacks subject matter jurisdiction over the Plaintiff's causes of action, and this lawsuit must be remanded back to the Oklahoma County District Court.

## PROPOSITION II

**EVEN IF THIS COURT COULD PROPERLY EXERCISE SUBJECT MATTER JURISDICTION OVER THIS ACTION, WHICH IT CANNOT, REMANDING IS NONETHELESS APPROPRIATE.**

Even if this Court were to find that the Oklahoma State Agency Defendants, OSDH and ODHS, waived their Eleventh Amendment immunity defenses and/or that the Court retained jurisdiction over some claims asserted in the lawsuit, this Court should exercise its discretion and remand the action back to the Oklahoma County District Court. Here, the only action implicating a federal question is the § 1983 suit. Several state law claims are brought against the Defendants, for which the Court should decline to exercise its supplemental jurisdiction.

Under 28 U.S.C. § 1441(c), the court may, in some instances, exercise supplemental jurisdiction over state law claims. However, if the claim includes actions not within the

original or supplemental jurisdiction of the district court or a claim that has been made

nonremovable by statute, then the court must sever the nonremovable portions and remand

them back to the state court from which the case was removed. See *Id*.

Supplemental jurisdiction exists over claims that are so related to the claim in the

action within the court's original jurisdiction that they form part of the same case or

controversy under Article III of the Constitution. 28 U.S.C. § 1367(a). Supplemental

jurisdiction may be exercised if one of the following is satisfied:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which
>     the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original
>     jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for
>     declining jurisdiction.

28 U.S.C. § 1367.

Here, grounds for declining to exercise supplemental jurisdiction are based on (1),

(2), and (4) above. First, several of Plaintiff's claims raise novel or complex issues of State

law. Plaintiff has asserted violations of the Oklahoma Nursing Home Care Act, 63 O.S. §§

1-1901 *et seq*., and the Oklahoma Protective Services for Vulnerable Adults Act, 43A O.S.

§§ 10-101 *et seq*. Determining whether these Acts were violated will require interpreting

several sections of these statutes. This will also require determining the responsibilities of

the various Defendants and the interplay between the state agencies and Liberty of

Oklahoma Corporation ("Liberty") where Liberty was involved in a traditional

governmental function that was arguably heavily controlled by a state agency.

Additionally, several questions will likely arise regarding the applicability of the Governmental Tort Claims Act ("GTCA") to several of Plaintiff's state tort claims.

Second, in addition to Plaintiff's action based on a violation of § 1983, Plaintiff has brought several state and common law claims against the Defendants, including actions for violations of the above-described state statutes, negligence, gross negligence, negligence per se, and breach of contract. Thus, the asserted violation of federal law is merely one of approximately eight causes of action asserted against the Defendants.

Finally, other compelling reasons exist for declining to exercise jurisdiction. At every stage of the litigation, the court should consider "the values of judicial economy, convenience, fairness and comity" to determining the appropriateness of maintaining jurisdiction. *Walstrom v. State of Oklahoma, ex rel. Bd. of Regents of Univ. of Oklahoma,* No. 09-CV-0071-CVE-PJC, 2009 WL 1652467, at *5 (N.D. Okla. June 11, 2009) (citing *Carneige–Mellon University v. Cohill,* 484 U.S. 343, 350(1988) (overruled by statute on other grounds)). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *Id.* (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726(1966)). As explained in the prior section, principles of comity, judicial resources, and concerns over res judicata favor remand here. In addition to the concerns with potentially splitting Plaintiff's cause of action due to the jurisdictional issues, a sister lawsuit has also been filed in the District Court of Oklahoma County, Case No. CJ-2024-4029, against Liberty of Oklahoma Corporation, *et al*., for their contribution to Plaintiff's damages. Presumably, the present lawsuit and Case No. CJ-2024-4029 will implicate common questions of law and fact and will need to be consolidated prior to trial

to preserve judicial resources. Allowing the present lawsuit to proceed in federal court before consolidation can occur will be inexpedient and will result in duplicative efforts and a waste of judicial resources. For these reasons, Plaintiff's motion to remand should be sustained.

## CONCLUSION

Defendants in their Notice of Removal and Motions to Dismiss have asserted the defense of sovereign immunity under the Eleventh Amendment, and have explicitly stated their desire not to waive this defense. As a result, this Court lacks subject matter jurisdiction to hear any suit based on § 1983 against the state agencies, and any allegations of a violation of state law/statute. These causes of action must be remanded, and for purposes of judicial economy and preserving resources, should be remanded in its entirety to avoid splitting Plaintiff's cause of action.

Further, even if there was no jurisdictional issue, this action should be remanded and the Court decline to exercise supplemental jurisdiction, since this lawsuit raises several complex issues of state law, of the eight causes of action asserted, only one involves a federal statute, and other compelling reasons exist for declining jurisdiction.

WHEREFORE, having fully prayed, Plaintiff, Jane Doe, as guardian of John Doe, an incapacitated person, respectfully requests this Court grant its Motion to Remand, and remand this action back to the District Court of Oklahoma County, Case No. CJ-2025-4187, with costs, fees, and such other and further relief as this Court deems just and equitable.

Respectfully submitted,

*/s/Madison A. Botizan*
R. Todd Goolsby, OBA #12676
David D. Proctor, OBA #13863
Amber D. Nelson, OBA #33575
Madison A. Botizan, OBA #34615
Rebecca Hargrove-Santos, OBA #35628
GOOLSBY | PROCTOR, PLLC
701 N. Broadway Avenue, Suite 400
Oklahoma City, OK  73102
(405) 524-2400/(405) 525-6004 (F)
tgoolsby@gpnllaw.com
dproctor@gpnllaw.com
anelson@gpnllaw.com
mbotizan@gpnllaw.com
rhargrovesantos@gpnllaw.com
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 6, 2025, I electronically transmitted the attached document to the Clerk of the Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following registered participants of the ECF System:

Laruen Ray
Tabitha Haney
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921; (405) 521-6246 (F)
lauren.ray@oag.ok.gov
tabitha.haney@oag.ok.gov
***Attorney for Defendants, Oklahoma State***
***Dep't of Health, and Keith Reed***

John Langford
Oklahoma Department of Human Services
PO Box 25352
Oklahoma City, OK 73105
(405) 521-3638
john.langford@okdhs.org
***Attorney for Defendants, Oklahoma Dep't***
***Of Human Services and Deborah Shropshire***

Amanda M. Self
Oklahoma Department of Human Services
PO Box 25352
Oklahoma City, OK 73105
(405) 521-3638
amanda.self@okdhs.org
***Attorney for Defendants, Luke Cooper,***
***Nancy Unruh, Ray Hester and Shelly Robinson***

                                    */s/Madison A. Botizan*