# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE, AS GUARDIAN OF JOHN DOE AN INCAPACITATED PERSON, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF OKLAHOMA, ex rel., OKLAHOMA DEPARTMENT OF HUMAN SERVICES, an agency of the State of Oklahoma, et al., <br><br> Defendants. | Case No. CIV-25-1011-J |

## ORDER

Before the Court is Plaintiff's Motion for Remand [Doc. No. 19]. Defendants have filed responses, and Plaintiff has filed replies to the responses.

On June 12, 2025, Plaintiff filed this case in the District Court of Oklahoma County, State of Oklahoma, asserting the following claims: negligence, gross negligence, violation of the Oklahoma Nursing Home Care Act, violation of the Oklahoma Protective Services for Vulnerable Adults Act, negligence per se, breach of contract, and violations of the Eighth and Fourteenth Amendment to the United States Constitution (42 U.S.C. §1983). On September 5, 2025, Defendants State of Oklahoma, ex rel., Oklahoma State Department of Health (OSDH), and Keith Reed (Reed) removed this case to this Court. In their notice of removal, OSDH and Reed expressly reserve all Eleventh Amendment sovereign immunity defenses. Additionally, in its September 11, 2025 motion to dismiss [Doc. No. 7], OSDH asserts that it is entitled to Eleventh Amendment immunity and that all claims against it must be dismissed. Based on OSDH's assertion of entitlement to Eleventh Amendment immunity, Plaintiff contends that this Court lacks subject

matter jurisdiction over this case and that it must be remanded back to the District Court of Oklahoma County.

The United States Supreme Court has held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state" and that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Eleventh Amendment sovereign immunity, however, may be waived if a State consents to suit against it in federal court, but the State's consent must be unequivocally expressed. *See id.* at 99.

The State of Oklahoma has not generally abrogated or waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51, § 152.1(B). Therefore, the Court must determine whether the State of Oklahoma, through OSDH, waived its Eleventh Amendment immunity when it removed this case to this Court. In Defendants' Notice and Petition of Removal, Defendants specifically state: "Defendants do not waive, and expressly reserve all defenses including, but not limited to, Eleventh Amendment sovereign immunity defenses." Defendants' Notice and Petition of Removal [Doc. No. 1] at 1-2. The Supreme Court has stated:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the "Judicial Power of the United States" extends to the case at hand. And a Constitution that permitted States to follow their litigation interest by freely asserting both claims in the same case could generate seriously unfair results.

*Lapides v. Board of Regents of the Univ. Sys. of Ga., et al.*, 535 U.S. 613, 619 (2002).

Having reviewed the notice of removal filed by OSDH and Reed, the Court finds that its inherent inconsistency regarding Eleventh Amendment sovereign immunity precludes any finding

of an unequivocal waiver of Eleventh Amendment immunity. Because there was no waiver of OSDH's Eleventh Amendment immunity when this case was removed, the Court finds that it lacks subject matter jurisdiction and that this case should be remanded back to the District Court of Oklahoma County, State of Oklahoma.

Accordingly, the Court GRANTS Plaintiff's Motion for Remand [Doc. No. 19] and REMANDS this case to the District Court of Oklahoma County, State of Oklahoma.

IT IS SO ORDERED this 18th day of November, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE