IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE, AS GUARDIAN OF JOHN DOE AN INCAPACITATED PERSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OKLAHOMA, ex rel., OKLAHOMA DEPARTMENT OF HUMAN SERVICES, an agency of the State of Oklahoma; OKLAHOMA STATE DEPARTMENT OF HEALTH, an agency of the State of Oklahoma; DEBORAH SHROPSHIRE, in her individual capacity; LUKE COOPER, in his individual capacity; KELLY THOMPSON, in her individual capacity; ANGELA THOMPSON, in her individual capacity; NANCY UNRUH, in her individual capacity; RAY HESTER, in his individual capacity, SHELLY ROBINSON, in her individual capacity; and KEITH REED, in his individual capacity;<br><br>Defendants. | Case No. 25-cv-01011-J |

**DEFENDANT OKLAHOMA STATE DEPARTMENT OF HEALTH'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Defendant, Oklahoma State Department of Health (OSDH), submits its motion requesting this Court reconsider its November 18, 2025, Order remanding this case to state court [Doc. No. 27]. In support of this motion, Defendant submits the following brief.

**BACKGROUND**

Plaintiff sued various defendants for numerous causes of action, including a claim for violation of constitutional rights via Section 1983 against OSDH. Defendants OSDH and Reed removed this action on September 5, 2025. [Doc. No. 1]. The removal specifically stated OSDH did not waive its sovereign immunity. *Id.*

Plaintiff filed a motion for remand, arguing OSDH did not effectively consent to suit in a federal forum when it filed its removal. [Doc. No. 19] This court granted Plaintiff's motion, citing *Lapides v. Board of Regents of the Univ. Sys. of Ga.*, et al., 535 U.S. 613, 619 (2002), and finding there was no waiver when this case was removed.

Defendants explicitly reserved all available immunity defenses in their Notice of Removal. Undersigned counsel for Defendant apologizes for not articulating more fully the current and controlling status of the law on removal within the Tenth Circuit when filing its removal. However, the Tenth Circuit makes clear that, through removal, a State may waive its immunity from suit in the federal forum while still retaining its sovereign immunity on claims. Here, by filing its removal, OSDH waived its immunity from suit in the federal forum. However, OSDH still retained its sovereign immunity. This immunity is available in both state and federal court and does not give OSDH an unfair advantage. Based on this, OSDH seeks reconsideration of this Court's Order granting Plaintiff's motion for remand.

## STANDARD FOR RECONSIDERATION

"Grounds warranting a motion to reconsider . . . include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servant of the Paraclete v. John Does,* I-XVI, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider is proper 'where the court has misapprehended the facts, a party's position, or the controlling law,'" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Wiederstein v. Wal-Mart Stores*, *Inc.,* 2022 WL 19263948 (Sept. 20, 2022) (quoting *Paraclete*, 204 F.3d at 1012); *see also United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

Additionally, "whereas here, a party's motion seeks reconsideration of a non-final order, such relief falls within the Court's discretionary power to revisit and amend its interlocutory orders as justice requires." *Equal Emp. Opportunity Comm'n v. Jetstream Ground Servs., Inc,* 2016 WL 879625, at *1 (D. Colo. March 8, 2016); *see also Price v Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 20015) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.") (quotation omitted); *Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (noting that a motion for reconsideration prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.").

# ARGUMENT AND AUTHORITY

## PROPOSITION I: REMOVAL DOES NOT WAIVE DEFENDANT'S SOVEREIGN IMMUNITY.

"When a plaintiff sues a State in federal court, the State can invoke two immunities: (i) Eleventh Amendment immunity from suit, which is a jurisdictional bar that prevents a federal court from hearing the case; and (ii) sovereign immunity from liability, which is a substantive defense." *Lowrey v. Mosley*, 2024 WL 4348165, at *32 n. 5 (D.N.M. Sept. 30, 2024) (citing *Trant v. Oklahoma,* 754 F.3d 1158, 1172 (10th Cir. 2014)). Sovereign immunity precludes from liability "both money damages and [retrospective] injunctive relief." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998), *see also Lay v. Okla. Dept of Corr.*, 2024 WL 5330031, at *2 (W.D. Okla., Dec. 20, 2024).

The Tenth Circuit recognizes the distinction between waiving immunity from suit in federal court and waiving immunity against liability. *See Trant v. Oklahoma*, 754 F.3d 1158, 1172 (10th Cir. 2014). Regarding immunity from suit, "removal is a voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation . . . in a federal forum." *Id.* (quoting *Lapides v. Bd of Regents of Univ. Sys. of Ga.,* 535 U.S. 613, 624 (2002)). Thus, OSDH's removal was a voluntary invocation of this Court's jurisdiction. OSDH consented to suit in the federal forum.

This Court relied on *Lapides v. Bd of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002), in remanding this case, citing the following:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment

immunity, thereby denying that the "Judicial Power of the United States" extends to the case at hand. And a Constitution that permitted States to follow their litigation interest by freely asserting both claims in the same case could generate seriously unfair results.

However, in a later case, *Trant*, the Tenth Circuit clarified the ruling in *Lapides:*

> *Lapides* only tells half the story. A state enjoys another kind of sovereign immunity besides immunity from suit that it may invoke even after agreeing to removal-immunity from liability. Because immunity is an inherent aspect of sovereignty that the states retained upon entering the Union, *Alden v. Maine*, 527 U.S. 706, 713 (1999), it follows that state law should determine the nature and scope of a state's immunity.

*Trant v. Oklahoma*, 754 F.3d 1158, 1172 (10th Cir. 2014).

The *Trant* court explained that "nothing in *Lapides* suggests that a state waives any defense it would have enjoyed in state court-including immunity from liability for particular claims." 754 F.3d at 1172-73. Therefore, the Tenth Circuit "recognize[s] that a state may waive its immunity from suit in a federal forum while retaining its immunity from liability." *Id.* at 1173. As noted in *Trant:*

> Unlike effecting a waiver of immunity from suit through removal, however, "the state's waiver or retention of a separate immunity from liability is not a matter in which there is an overriding federal interest justifying the application of a federal rule." A state does not gain an unfair advantage asserting in federal court an affirmative defense it would have in state court. *Id.*

While removal does consent to suit in a federal forum, removal does not consent to a waiver of immunity from liability. "[A] state may waive immunity from suit while retaining immunity from liability for money damages . . . [and] does not gain an unfair advantage asserting in federal court an affirmative defense it would have had in state court." *Id.* (citing *Estes v. Wyo. Dep't of Transp.*, 302 F.3d 1200, 1205-06 (10th Cir. 2002)).

5

Specific to this case, OSDH has affirmatively consented to suit in the federal forum by removing this case. [Doc. No. 1]. However, "Oklahoma has not waived sovereign immunity against 1983 claims in federal district court." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Oklahoma waived sovereign immunity under the GTCA. *See* 51 O.S. § 151 (stating Oklahoma's "underlying sovereign immunity from suit has not been waived or abrogated in state court"). OSDH is not gaining an unfair advantage asserting these defenses, as these are defenses OSDH can raise in state court.

Based on Tenth Circuit precedent, this Court should reconsider its decision to remand this case back to state court in its Order filed November 18, 2025 [Doc. No. 27]. Furthermore, this Court should find that OSDH did consent to suit in a federal forum while retaining its entitlement to assert sovereign immunity from Plaintiff's claims.

## CONCLUSION

For these reasons, OSDH respectfully requests this Court reconsider its Order granting Plaintiff's Motion for Remand, reverse the Order, and allow this case to proceed in federal court.

Respectfully submitted,


/s/Lauren Ray
**LAUREN RAY, OBA#22694**
**TABITHA HANEY, OBA# 35626**
Assistant Attorneys General
Oklahoma Attorney General's Office
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Tele: (405) 521-3921
Fax: (405) 521-6246
Email: Lauren.Ray@oag.ok.gov
Email: Tabitha.Haney@oag.ok.gov
*Attorney for Defendants Oklahoma State Department of Health and Keith Reed*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of November 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all registered ECF participants.

      */s/Lauren Ray*
      Lauren Ray